IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BERNARD M. SMITH. #00360-016     *
        Petitioner
                                              *
    v.                                           CIVIL ACTION NO. DKC-04-3955
                                              *
GOVERNOR, et al.,
        Respondents                 *
                                        ******

**MEMORANDUM**

Bernard M. Smith, a prisoner in the custody of the Federal Bureau of Prisons housed at the United States Penitentiary in Jonesville, Virginia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Virginia. Paper No. 1. The petition was subsequently transferred to this court. Paper No. 2. Petitioner contends that his convictions and sentences, imposed by the Circuit Court for Montgomery County, Maryland in 1983, are invalid because his right to a speedy trial was violated by the State of Maryland's improper use of the Interstate Agreement on Detainers Act (IAD). Paper No. 1.

The petition is properly construed as an application for habeas corpus relief filed pursuant to 28 U.S.C. § 2254, as Smith challenges the validity of his state court convictions. For the reasons set out herein, the court concludes that the pending application for habeas corpus relief must be dismissed without prejudice at this time.

On December 10, 2001, Petitioner filed his first federal habeas corpus application concerning his 1983 convictions. On August 13, 2002, the Petition was denied and dismissed as time barred. *See Smith v. Garraghty*, Civil Action No. L-02-2071 (D. Md. 2002). Under the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner may file a second or successive habeas corpus petition only if he has moved

the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Evans v. Smith*, 220 F.3d 306, 323 (4th Cir.) (2000). The pending application is beyond doubt a second and successive one which Petitioner has filed in this court.

Before this court may consider the pending Petition, the United States Court of Appeals for the Fourth Circuit must enter an order authorizing this court to consider Petitioner's application for habeas corpus relief. 28 U.S.C. § 2244(b)(3)(A);[1] *see In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (en banc).  It does not appear that Petitioner has complied with this "gatekeeper" provision. Therefore, his pending application for habeas corpus relief must be dismissed without prejudice pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization Order.  The procedural requirements and deadlines for filing the motion are extensive.  Consequently, this court has attached hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Petitioner wish to seek authorization to file a successive petition with the appellate court.  It is to be emphasized that Petitioner must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.       A separate Order shall be entered reflecting the ruling set out herein.


May 2, 2005                                                                      /s/
   Date                                                DEBORAH K. CHASANOW
                                                       United States District Court Judge

---

   [1]     28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."